UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM MCCRAY,

        Petitioner,         Case Number: 2:13-cv-14414

v.        HONORABLE STEPHEN J. MURPHY, III

MITCH PERRY,

        Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS
<u>(document no. 1)</u> AND DENYING CERTIFICATE OF APPEALABILITY**

    Petitioner Adam McCray is a state inmate currently incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan. He filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. In his petition, he challenges his convictions for operating a motor vehicle while intoxicated causing death, Mich. Comp. Laws § 257.625(4), and manslaughter with a motor vehicle, Mich. Comp. Laws § 750.321. For the reasons discussed below, the Court will deny McCray's petition.

**BACKGROUND**

    On December 15, 2009, McCray was driving his car at nearly twice the posted speed limit when he lost control and crashed into a pole. A passenger, Asra Rogers, died in the accident. At the time of the crash, McCray's blood alcohol level was .27, roughly three times the legal limit.

    On March 16, 2010, McCray pleaded guilty to manslaughter with a motor vehicle and operating a motor vehicle while intoxicated, causing death. On June 14, 2010, he was

sentenced to 7 years, 2 months to fifteen years' imprisonment for each of the convictions, to be served concurrently.

McCray filed an application for leave to appeal in the Michigan Court of Appeals, raising an ineffective assistance of counsel claim. The Michigan Court of Appeals affirmed McCray's convictions. *People v. McCray*, No. 302260 (Mich. Ct. App. March 14, 2011). McCray filed a *pro se* motion for reconsideration adding a claim of ineffective assistance of counsel. The motion was denied. *People v. McCray*, No. 302260 (Mich. Ct. App. July 13, 2011). The Michigan Supreme Court denied McCray's application for leave to appeal, which raised the same claims raised in the Michigan Court of Appeals. *People v. McCray*, 490 Mich. 912 (2011).

McCray then filed a motion for relief from judgment in the trial court. He raised these claims: (i) ineffective assistance of trial and appellate counsel; (ii) his plea was illusory; (iii) the trial court misled McCray into believing he would receive a *Cobbs* hearing; (iv) prosecutorial misconduct; and (v) the cumulative effect of errors violated due process. The trial court denied the motion. *People v. McCray*, No. 10-01836-01 (Wayne County Cir. Ct. March 29, 2012). The Michigan Court of Appeals and Michigan Supreme Court denied McCray's applications for leave to appeal. *People v. McCray*, Case No. 311456 (Mich. Ct. App. April 25, 2013); *People v. McCray*, 495 Mich. 865 (Mich. Sept. 30, 2013).

McCray then filed the pending habeas petition, raising these claims:

I. Constitutionally deficient performance of appellate counsel constituting cause for McCray's failure to raise his claims in the Michigan Court of Appeals where: (a) McCray's first two attorneys failed to provide assistance, and (b) McCray's third attorney ignored meritorious issues and failed to comply with procedural rules.

II. McCray should be permitted to withdraw his plea because it was illusory and,

   but for trial counsel's ineffective assistance, McCray would not have pled guilty. U.S. Const. Amend VI, XIV.

III. McCray's constitutional right to due process of law was violated when a substitute trial court judge: (a) accepted McCray's guilty plea after misleading him to believe that he would receive a Cobbs' hearing, and (b) failed to comply with Mich. Ct. R. 6.302(D).

IV. The prosecutor committed misconduct, violating McCray's constitutional right to due process of law where the prosecutor assented to the court's acceptance of a guilty plea that was clearly illusory.

V. The cumulative effect of this counsel's erroneous advice, the trial judge's misleading statement, and the prosecutor's failure to protect McCray's rights constitute a denial of due process of law.

## STANDARD OF REVIEW

The Court may grant a writ of habeas corpus when a state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(2). A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

The standard is difficult to satisfy. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Under § 2254(d), a federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the [Supreme Court's] precedents." *Id.* The habeas statute is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error

correction through appeal." *Id.* at 102–03.

## DISCUSSION

I. <u>Denial of Motion to Withdraw Plea</u>

McCray filed a motion for relief from judgment in the trial court and argued that he should be able to withdraw his plea agreement. He argued that the plea was illusory, that he would not have entered into the plea agreement but-for his counsel's ineffective performance, and that the trial judge misled him into believing he would receive a *Cobbs* hearing at sentencing.[1] The trial judge denied his motion. Rule 5 Material, Order, ECF No. 8-11.

First, Petitioner argues that his plea was illusory because he obtained no benefit from the plea.[2] To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748–49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or

---

[1] *See People v. Cobbs*, 443 Mich. 276 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation).

[2] The State argues that the claim is procedurally defaulted. In the interest of efficiency, the Court will address the merits of the claim.

4

not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002). If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). But when a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).

Here, before accepting his plea, the trial court advised McCray of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no promises, other than those stated on the record, had been made to McCray, and that nobody had threatened him to force him to enter the plea. McCray represented that he understood the terms of the plea agreement. In denying McCray's motion for relief from judgment, the trial court held that McCray had understood the plea proceedings, provided appropriate and responsive answers to the court's questions, and exhibited no confusion about the nature or consequences of the proceeding. The trial court found that McCray's plea was knowingly and voluntarily entered. *See* Rule 5 Material, Order 4-5*,* ECF No. 8-11, Pg. ID 381-82.

The Court finds no evidence in the record that McCray did not understand the nature and consequences of the plea. He fails to identify any term of the plea agreement that was not satisfied. Therefore, the state court's finding that the plea was voluntary is not contrary to or an unreasonable application of Supreme Court precedent.

Second, McCray argues that the plea was the product of ineffective assistance of counsel because his attorney promised him that he would receive a *Cobbs* hearing prior to sentencing. McCray also claims that his attorney told him that he could withdraw his plea if he was not sentenced in accordance with the *Cobbs* hearing.

A defendant's claim that his attorney was constitutionally defective has two components. First, the defendant must demonstrate that his lawyer's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that his attorney's deficient performance prejudiced his defense. *Id.* Put differently, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Premo v. Moore*, 562 U.S. 115, 129 (2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

The trial court, the last state court to issue a reasoned opinion regarding McCray's ineffective assistance of counsel claim, held that McCray failed to show that counsel's performance was deficient, reasoning in relevant part:

> Defendant's argument that counsel's representation was defective is misplaced. The plea agreement, which defendant signed, asserted that his guilty plea was freely, knowingly and voluntarily entered and that no other agreements had been made. The plea agreement also contained a statement by defendant that he had read, discussed with his attorney and understood all terms of the agreement, and that his attorney had fully advised him of his rights and defenses and of the consequences of entering into the agreement. He further signed a statement that he was fully satisfied with the representation of his attorney. Counsel signed a similar statement declaring that he had fully advised defendant of all of the consequences of the agreement.
>
> In addition, according to the Court's recollection and notes, defendant acknowledged at the plea hearing that he understood the entire plea agreement, that he had ample opportunity to discuss the plea with his attorney and that he was satisfied with his attorney's representation. He further represented that he was fully aware of the rights he was waiving by

6

> entering the plea. Defendant subsequently confirmed that his plea was undertaken freely and voluntarily with full understanding. At no time before or during sentencing did defendant suggest that his plea was uninformed or involuntary. Defendant, at sentencing, received substantial benefit from his agreement to plead guilty.
>
> Given the evidence, the Court is unable to identify a single consequence or reason for which defense counsel's performance would be considered deficient. Defendant has failed to allege that he has suffered any prejudice. As such, defendant's argument is without merit.

3/29/12 Opinion at 5, ECF No. 8-11, Pg. ID 382.

In cases challenging the voluntariness of a plea agreement, a petitioner is bound by any in-court statements made regarding the petitioner's understanding of the plea. *See Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999). "If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" *Id.* at 566 (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). At the plea hearing, McCray stated that no promises outside those stated on the record had been made to him. McCray is bound by his in-court statement. *See Ramos,* 170 F.3d at 564. Therefore, his contention that counsel was deficient in making off-the-record promises to him fails based on the admission.

Finally, McCray argues that his rights under the Due Process Clause were violated because the trial court provided him with erroneous information during the plea hearing, by misleading him about the availability of a *Cobbs* hearing. The trial court denied the claim, holding, in relevant part:

> [D]efendant asserts that the Court, during the plea hearing, misled defendant to believe that he would receive a *Cobbs* hearing at the time of sentencing.

7

> A review of the record finds this claim to be untrue. The Judge at the time of plea happened to be a substitute Judge sitting in place of the trial judge due to a bereavement related absence. In fact, during the plea hearing the Court explained the meaning of a *Cobbs* hearing to the defendant but expressly left the *Cobbs* evaluation and determination to the trial judge. The visiting Judge at no time informed the defendant that he would in fact receive a *Cobbs* hearing, only that the trial Judge would make that determination at the appropriate time. The reference to a discretionary *Cobbs* evaluation is not tantamount to definite receipt of same and is incidental and collateral to the proceedings and not a basis for withdrawal of the plea. The Court made no assurance that defendant would receive a *Cobbs* hearing and therefore any claim of reliance on a *Cobbs* hearing in contemplation of his guilty plea is without merit. Since there was no defect in the proceedings, the standard of having rendered the plea involuntary as required by MCR 6.508(D)(3)(b)(ii) has not been met.

3/29/12 Opinion at 7-8, ECF No. 8-11, Pg. ID 384-85.

The record supports the trial court's conclusion that, while a *Cobbs* hearing was mentioned, no promises were made to McCray in this regard. McCray's attorney expressly stated that he did not know if McCray would receive a *Cobbs* hearing. Given the circumstances, McCray cannot show that the trial court's decision was contrary to or an unreasonable application of Supreme Court precedent and habeas relief is denied.

II.     Prosecutorial Misconduct Claim

Next, McCray argues that the prosecutor committed misconduct by "silently assenting to the trial court's acceptance" of an illusory plea. Petitioner's Brief, ECF No. 5, Pg. ID 63. The trial court held that, because the plea was valid, McCray could not establish prosecutorial misconduct. 3/29/12 Opinion at 8, ECF No. 8-11, Pg. ID 385.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the

Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). The Court must ask whether the decision denying Petitioner's prosecutorial misconduct claim "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Parker*, 132 S. Ct. at 2155, (quoting *Harrington*, 562 U.S. at 103). "[T]he *Darden* standard is a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The trial court's decision was not contrary to or an unreasonable application of *Darden*. As discussed, McCray has failed to show that his plea was involuntary or coerced. Nor has he shown that the prosecutor misrepresented the consequences of the plea. Therefore, the Court finds no misconduct.

III.     Ineffective Assistance of Appellate Counsel

McCray raises an ineffective assistance of counsel claim as cause to excuse his procedurally defaulted claims. The Court determined that the interests of judicial economy were best served by addressing the merits of the allegedly defaulted claims. *See supra*, footnote 2. Nevertheless, the Court will briefly address the ineffective assistance of appellate counsel claim.

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review the claims argued in the current petition. Petitioner has failed to show that these claims were potentially meritorious. Therefore, he cannot show that his appellate attorney was ineffective for failing to raise the claims on direct appeal.

IV. <u>Cumulative Effect</u>

Finally, McCray alleges that he is entitled to habeas relief because the cumulative effect of the alleged errors deprived him of a fair trial and due process of law. On habeas review, a claim that the cumulative effect of errors rendered a petitioner's trial fundamentally unfair is not cognizable. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Petitioner is not entitled to relief on the cumulative effect claim.

## CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

## ORDER

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (document no. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED**.

                                            s/Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: October 22, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 22, 2015, by electronic and/or ordinary mail.

                                            s/Carol Cohron
                                            Case Manager